The Honorable Sharon Priest Secretary of State State Capitol Little Rock, Arkansas 72201-1094
Dear Ms. Priest:
This is in response to your request for an opinion on five questions concerning the tabulation of election results. Specifically, your five questions are as follows:
 1. Does A.C.A. § 7-5-101 require the County Board of Election Commissioners to fix a place in each election precinct where the election shall be held? In other words, must each precinct have a polling place?
 2. If the County Board of Election Commissioners decides to use voting machines must the tabulation from the machine be by precincts pursuant to A.C.A. § 7-5-527(c) and 7-5-528?
 3. Could the County Board of Election Commissioners combine precincts, without changing precinct boundary lines, with one polling place and one voting machine and tabulate votes by the polling place and not precincts?
 4. Is it a requirement that votes be tabulated by precinct when there is use of a) paper ballots and b) electronic machines?
 5. Must absentee ballots be tabulated by precinct when a voting machine is used?
It is my opinion that the answer to your first question is "yes." The statute you cite, A.C.A. § 7-5-101, empowers the county board of election commissioners to "fix a place in each election precinct where the election shall be held." The statute also makes reference twice to "the voting place in any precinct." Most notably, however, subsection (e) of this statute provides that "[i]f the county board of election commissioners shall fail to fix a place in any precinct at which the election is to be held, it shall be the duty of the sheriff to fix temporarily a place of holding the election." This provision, in my opinion, mandates the fixing of a polling place in each precinct.
It is my opinion that the answer to your second question is also "yes." Section 7-5-527 (Repl. 1993) governs the tabulation of election results in counties using voting machines. In addressing the verification of the vote totals, it requires the numbers to be "called off . . . from the counters of the machines by the judge or clerk of the minority, at thatparticular precinct." Emphasis added. In addition, section 7-5-528
provides that "[u]pon completion of all tabulation blanks, certifications, and statements, the judges of election shall again proclaim in a loud and audible voice the results of the election as recorded in that precinct." Emphasis added. In my opinion this language clearly contemplates that the numbers will be tabulated by precinct.
It is my opinion that the answer to your third question is "no." As stated previously in response to your first question, if the county board of election commissioners fails to fix a place in any precinct where the election is to be held, it is the sheriff's duty to temporarily do so. As concluded in response to question one, there must be a polling place in each precinct.
In response to your fourth question, in my opinion the statutes contemplate that tabulation will be by precinct where paper ballots are used as well as where electronic voting systems are employed. As stated previously, in my opinion each precinct must have a polling place. Section7-5-315 governs the counting of the ballots in counties using paper ballots. It contemplates the opening of the ballot box, and the counting of the ballots by the judges and clerks of election. After the count is completed, the statute requires the judges and clerks to make out certificates of election and immediately post one copy outside the polling place. In my opinion the intent of the legislature was clearly to require vote tabulation by precinct when paper ballots are used.
Similarly, in my opinion, the statutes require vote tabulation by precinct with the use of "electronic voting systems." Section 7-5-614 of the Arkansas Code, pertaining to the use of such systems, provides that "[t]he tabulation of votes of a precinct in which an electronic voting system as defined in this subchapter is used may be by automatic tabulating equipment at a central counting location or at the polling place." Emphasis added. In addition, A.C.A. § 7-5-615(e) provides that "[t]he return printed by the automatic tabulating equipment, to which has been added the return of write-in and absentee votes, shall constitutethe official return of each precinct." Emphasis added In my opinion these statutes contemplate the tabulation of votes by precinct.
It is my opinion, in response to your fifth and final question, that the statute governing absentee voting by voting machine requires the results of absentee voting to be treated as a separate precinct. Your question necessarily refers to absentee voting "by personal appearance." Voting machines used for absentee voting are placed in the "office of the clerk who is to conduct the absentee voting." See § 7-5-413(b). This statute, in subsection (d) provides as follows:
 At the time designated by law for the closing of the polls on election day, a set of judges and clerks for the machines used for absentee voting shall open the machines and canvass the vote in the manner provided for regular polling places. After the canvass has been made, the machines shall be locked and sealed and shall remain locked against voting for the same period as required for other machines used in the election. The results of the canvass shall be returned to the appropriate authority to be tabulated and canvassed with and in the same manner as the returns of other election precincts.
This statute, in my opinion, requires the absentee votes taken by voting machines to be treated as a separate precinct.
The foregoing opinion, which I hereby approve, was prepared by Deputy Attorney General Elana C. Wills.
Sincerely,
WINSTON BRYANT Attorney General
WB:ECW/cyh